Seth M. Lehrman (SBN 178303)
seth@epplc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorney for Plaintiff
Retina Associates Medical Group, Inc.

Keith J. Hollis (SBN 100889)
khollis@hollislaw.net
LAW OFFICES OF KEITH J. HOLLIS
2600 Michelson Dr., Suite 1700
Irvine, CA 92612
Telephone: 949-852-3535
Facsimile: 494-852-3501

Attorney for Defendants
I V Support Systems, Inc. d//b/a Siella Medical,
George R. Davis, and Todd Kerhli

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a RYOO DENTAL, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>I V SUPPORT SYSTEMS, INC. d/b/a SIELLA MEDICAL, et al.,<br><br>                    Defendants. | CASE NO. 8:18−cv−00443−JLS−JDE<br><br>**JOINT STIPULATION FOR DISMISSAL**<br><br>**Complaint filed: March 20, 2018**<br><br>**Hon. Josephine L. Staton** |

1. Plaintiff Ryoo Dental, Inc. d/b/a Ryoo Dental and Defendants I V Support Systems, Inc. d//b/a Siella Medical, George R. Davis, and Todd Kehrli ("Defendants") through counsel, submit this Joint Motion for Dismissal pursuant to the FRCP 41(a)(1)(A)(ii).

2. Plaintiff filed its class action complaint on March 20, 2018, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The proposed class has not been certified. The parties have reached a settlement (the "Settlement") which resolved this putative class action on an individual basis and have done nothing to limit or impair the potential class claims. A copy of the Settlement Agreement is attached hereto as **Exhibit A.**

3. "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called *Diaz* factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

4. As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action.

5. Plaintiff is not aware of any media attention paid to this case and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way.

6. As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual or class claims based on the same facts and circumstances. *See, e.g., Resh v. China Agritech, Inc.,* 857 F.3d 994, 1005 (9th Cir. 2017). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action Complaint. The TCPA has a four-year statute of limitations. Plaintiff filed its Complaint on March 20, 2018.

7. As to the third *Diaz* factor, the Settlement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. The Settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement did not release claims of unnamed putative class members nor prejudice their rights.

8. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing Plaintiff's class claims without prejudice.

3

DATED:  March 8, 2019  EDWARDS POTTINGER, LLC.

By: */s/ Seth Lehrman*
Seth Lehrman
Attorney for Plaintiff
Retina Associates Medical Group, Inc

DATED:  March 8, 2019  LAW OFFICES OF KEITH J. HOLLIS

By: */s/ Keith J. Hollis*
Keith J. Hollis
Attorneys for Defendants
I V Support Systems, Inc. d//b/a Siella Medical, George R. Davis, and Todd Kerhli

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to Keith J. Hollis, attorney for Defendant, and that I obtained Mr. Hollis' authorization to file this document.

By: */s/ Seth M. Lehrman*
Seth M. Lehrman